UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

FRED LEE DAVENPORT,

           Plaintiff,

v.                                                    Case No. 24-cv-137-pp

MATTHEW WALLYUNG, *et al.*,

           Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

---

Plaintiff Fred Lee Davenport, who is incarcerated at Columbia Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his constitutional rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

1

On February 1, 2024, the court ordered the plaintiff to pay an initial partial filing fee of $2.66. Dkt. No. 5. The court received that fee on February 13, 2024. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay remainder of the filing fee over time in the manner explained at the end of this order.

**II.    Screening the Complaint**

    A.    <u>Federal Screening Standard</u>

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). <u>See</u> <u>Cesal v. Moats</u>, 851 F.3d 714, 720 (7th Cir. 2017) (citing <u>Booker-El v. Superintendent, Ind. State Prison</u>, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atlantic Corp. v.</u>

Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.  The Plaintiff's Allegations

The plaintiff alleges that the day before the incident described in the complaint, he attempted suicide and when he returned from the hospital, he refused treatment. Dkt. No. 1 at 2. He states that he was placed on clinical observation where he was to be checked on at least every fifteen minutes and constantly watched via in-cell camera. Id.

The plaintiff alleges that he was removed from his cell in clinical observation because he had metal. Id. at 3. He asserts that he was assessed, searched and placed back in his cell. Id. The plaintiff allegedly told defendant CO Heather Thielen that he intended to self-harm and "showed metal," but

3

Thielen walked away. Id. The plaintiff alleges that "[u]pon next round sees inmate actively engaging in self-harm" but Thielen "disregards." Id. Another incarcerated individual and the plaintiff allegedly notified defendant CO Jacob Curiell of the plaintiff's actions, Curiell conduced an observation wellness check and personally observed the plaintiff's actions but Curiell "disregards." Id. Thielen and Curiell left the unit and their shift ended. Id.

The plaintiff alleges that defendant Matthew Wallyung conducted wellness checks and was made aware the plaintiff's condition but disregarded it. Id. Wallyung allegedly conducted another wellness check and even engaged the plaintiff in conversation, but he disregarded the plaintiff's condition. Id. Defendant Lt. Lukas Peterson allegedly called an emergency because he saw the plaintiff self-harm via in-cell camera from the security office. Id. The plaintiff states that he was removed from the cell and given medical attention, receiving glue and "steral strips." Id. at 3-4. He alleges that he was placed in restraints and placed into observation cell #43. Id.

The plaintiff alleges that defendant Sergeant Tyreek was "the active sgt. who from his work post had direct visual of plaintiff's cell as well as a 40 [inch] screen monitor view of plaintiff's cell via camera[.]" Id. at 4. Defendants CO Jesse Protor, Michael Bran and Kobe Culpitt also were in the workstation and could see "from the monitor plaintiff actively engauging [sic] because nearly entire cell was covered in blood and this was occurring for over an hour." Id.

The plaintiff states that, in addition to a constitutional violation, he raises Wisconsin state law claims of failure to warn, misconduct in a public

office and negligence against the defendants based on the conduct described above. Id. He also states that he raises state claims of medical malpractice and negligence against defendants Nurse Nicholas Hanchar and Nurse Steve for delay of adequate medical treatment for not treating major blood loss because now the plaintiff suffers from anemia. Id. The plaintiff states that he brings a First Amendment claim against defendant Mary Wesure along with state claims of misconduct in a public office by her failing to perform her civic duties. Id. He asserts that he brings the same issues against defendant Rhonda Cordero along with false swearing and against defendant Larry Fuchs for upholding his decision. Id.

For relief, the plaintiff seeks compensatory and punitive damages. Id. at 5.

C. Analysis

Failure to provide protection from suicide or self-harm constitutes an Eighth Amendment violation if deliberate indifference by prison officials to an incarcerated individual's welfare effectively condones the harm by allowing it to happen. Eagen v. Dempsey, 987 F.3d 667, 693-94 (7th Cir. 2021) (citations omitted). To state a claim under the Eighth Amendment, the plaintiff must allege: (1) "he presented an objectively serious medical need;" and (2) "a defendant [ ] responded [ ] with deliberate indifference, thereby resulting in some injury." Lord v. Beahm, 952 F.3d 902, 904 (7th Cir. 2020) (citing Petties v. Carter, 836 F.3d 722, 727-28 (7th Cir. 2016)). A medical condition is objectively serious if it is "so obvious that even a lay person would perceive the

5

need for a doctor's attention." See Roe v. Elyea, 631 F.3d 843, 857 (7th Cir. 2011). "All agree that suicide is an objectively serious medical condition … [and] prison officials cannot intentionally disregard a known risk that an inmate is suicidal." Lord, 952 F.3d at 904 (citing Lisle v. Welborn, 933 F.3d 705, 716 (7th Cir. 2019)). Regarding the second prong, a defendant responds with deliberate indifference when he or she "actually knew of and disregarded a substantial risk of harm." Petties, 836 F.3d at 728. "This requires 'more than mere or gross negligence, but less than purposeful infliction of harm.'" Lisle, 933 F.3d at 716-17 (quoting Matos v. O'Sullivan, 335 F.3d 553, 557 (7th Cir. 2003)).

The plaintiff alleges that defendants Heather Thielen, Jacob Curiell, Matthew Wallyung, Sgt. Tyreek, Jesse Protor, Micheal Bran and Kobe Culpitt did not help him after they knew he was harming himself in his cell. He may proceed on an Eighth Amendment claim against these defendants in their individual capacities. The court will exercise supplemental jurisdiction over a state law negligence claim against the defendants. See 28 U.S.C. §1367(a). The plaintiff has not stated any other state law claims against these defendants. The plaintiff's alleged "failure to warn" and "misconduct in public office" state law claims appear to be part of his negligence claim.[1]

---

[1] The plaintiff may be referring to a Wisconsin criminal statute, Wis. Stat. §946.12, but private citizens cannot sue under Wisconsin criminal statutes. The District Attorney's Office—the State—brings criminal lawsuits. If the plaintiff believes that any defendant has violated a Wisconsin criminal statute, he should contact the appropriate local law enforcement authorities.

The plaintiff has not stated a claim against defendant Lukas Robertson because he alleges only that when Robertson saw the plaintiff self-harming, he called in an emergency. The court will dismiss Robertson.

The plaintiff has not stated a claim against defendants Nurse Hanchar or Nurse Steve because he has not made any specific allegations regarding their conduct. His assertions that he wants to raise state law claims against them are conclusory and do not state a claim. The court will dismiss Nurse Hanchar and Nurse Steve. Likewise, the plaintiff has not stated any claim against defendants Mary Wesure, Rhonda Cordero and Larry Fuchs because his allegations against them are conclusory. The court will dismiss Wesure, Cordero and Fuchs.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DISMISSES** defendants Lukas Robertson, RN Nicholas Hanchar, RN Steve, Mary Wesure, Rhonda Cordero and Larry Fuchs.

Under an informal service agreement between the Wisconsin Department of Justice and this court, the court will electronically transmit a copy of the complaint and this order to the Wisconsin Department of Justice for service on defendants Matthew Wallyung, Kobe Culpitt, Jacob Curiell, Heather Thielsen, Sgt. Tyreek, Michael Bran and Jesse Protor. Under the informal service agreement, the court **ORDERS** those defendants to file a responsive pleading to the complaint within sixty (60) days.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$347.34** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to Columbia Correctional Institution, where the plaintiff is confined.

The court **ORDERS** that the parties must not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[2] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

---

[2] The Prisoner E-Filing Program is mandatory for all individuals incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

Dated in Milwaukee, Wisconsin, this 24th day of May, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**