UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

FRED LEE DAVENPORT,

                      Plaintiff,

v.                                              Case No. 24-cv-137-pp

MATTHEW WOLLYUNG, *et al.*,

                      Defendants.

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S STATE-LAW CLAIMS (DKT. NO. 14)**

      Plaintiff Fred Lee Davenport, who is incarcerated at Columbia Correctional Institution and is representing himself, filed this case alleging that the defendants violated his civil rights. The court screened the complaint under 28 U.S.C. §1915A and allowed the plaintiff to proceed on a claim that the defendants violated his rights under the Eighth Amendment to the United States Constitution based on allegations that they did not help him after he was harming himself in his cell. Dkt. No. 7 at 6. The court exercised supplemental jurisdiction over state law negligence claims against the defendants. Id. The defendants have filed a motion to dismiss the state-law claims for failure to adhere to Wisconsin's notice of claim statute, Wis. Stat. §893.82. Dkt. No. 14. The court will grant the defendants' motion.

## I. Defendants' Motion to Dismiss, Dkt. No. 14[1]

### A. Facts

The plaintiff submitted one Notice of Claim to the attorney general's office regarding the claims at issue in this lawsuit, served via certified mail, dated January 18, 2024 and postmarked January 23, 2024. Dkt. No. 16 at ¶5. In his Notice of Claim, the plaintiff notes the date of occurrence of the incident as December 2, 2023. Id. at ¶6. The plaintiff filed the complaint in this case on January 31, 2024. Id. at ¶7. A search of the Wisconsin Department of Justice records determined that the plaintiff filed no additional relevant Notices of Claim. Id. at ¶8.

### B. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Ames v. Home Depot U.S.A., Inc., 629 F.3d 665, 668 (7th Cir. 2011). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." See Anderson, 477 U.S. at 248. A dispute over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

---

[1] The defendants filed their motion as a motion to dismiss, but they state that they filed the motion under Federal Rule of Civil Procedure 56(a), which is the federal rule applicable to motions for summary judgement. They filed proposed findings of fact, a declaration and an exhibit in support of their motion. The court deems the motion to be a motion for summary judgment.

C. <u>Discussion</u>

The defendants contend that the plaintiff's state-law claims are statutorily barred and must be dismissed because he did not adhere to Wisconsin's notice of claim statute. Dkt. No. 15 at 3. The defendants state that the plaintiff did not comply with Wis. Stat. §893.82(3m) because after he served his notice of claim on the attorney general, he didn't wait 120 days or until the attorney general denied his notice of claim before filing this case. <u>Id.</u> at 5. According to the defendants, the court lacks jurisdiction over the plaintiff's state law claims based on the plaintiff's failure to strictly comply with the requirements of Wis. Stat. §893.82(3m). <u>Id.</u>

In response, the plaintiff acknowledges that he failed to adhere to the "120-day wait period[.]" Dkt. No. 19. He states that he was unaware of the requirement "as it wasn't included on the notice and injury claim form." <u>Id.</u> The plaintiff asserts that "unless this court deems it an [a]bsurd result, the court will dismiss plaintiff's state law claims as unopposed[.]" <u>Id.</u>

Wisconsin Stat. §893.82 "applies to claims brought against state employees" and "provides that '[n]o claimant may bring an action against a state officer, employee, or agent unless the claimant complies strictly with the requirements of this section.'" Wis. Stat. §893.82(2m). Regarding notice, the statute provides:

> [N]o civil action or civil proceeding may be brought against any state officer, employee or agent for or on account of any act growing out of or committed in the course of the discharge of the officer's, employee's or agent's duties . . . unless within 120 days of the event causing the injury, damage or death giving rise to the civil action or civil proceeding, the claimant in the action or proceeding serves

3

> upon the attorney general written notice of a claim stating the time, date, location and the circumstances of the event giving rise to the claim . . ..

Wis. Stat. §893.82(3). An incarcerated individual "may not commence the civil action or proceeding until the attorney general denies the claim or until 120 days after the written notice under sub. (3) is served upon the attorney general, whichever is earlier." Wis. Stat. §893.82(3m).

While the plaintiff served his Notice of Claim on the attorney general via certified mail as required by Wis. Stat. §893.82(3), he did not wait to file this case until either 120 days after serving the notice or the attorney general denied the claim, as required by Wis. Stat. §893.82(3m). Strict compliance to the notice of claim statute is required unless "a truly absurd or unreasonable result[]" would occur. Sorenson v. Batchelder, 368 Wis. 2d 140, 158-59 (2016); Hines v. Resnick, 338 Wis. 2d 190, 199 (Ct. App. 2011) (holding that enforcing strict compliance where strict compliance is impossible would lead to an absurd result). The plaintiff has identified no reason that it would have been absurd or unreasonable for him to wait for a response from the attorney general or 120 days before filing this case, and the court finds none. See id. at 159 ("Requiring notice of claim to be served by certified mail as plainly stated in Wis. Stat. § 893.82(5) does not bring about an absurd result.").

The plaintiff's failure to comply with Wis. Stat. §893.82(3m) "is a jurisdictional defect," Estate of Hopgood ex rel. Turner v. Boyd, 345 Wis. 2d 65, 75 n.11 (Wis. 2013) (citing Ibrahim v. Samore, 118 Wis. 2d 720, 726 (1984)),

4

Case 2:24-cv-00137-PP    Filed 11/27/24    Page 4 of 5    Document 21

and is fatal to his state law claims, Riccitelli v. Broekhuizen, 227 Wis. 2d 100, 116 (1999).

The court **GRANTS** the defendants' motion to dismiss plaintiff's state-law claims. Dkt. No. 14.

Dated in Milwaukee, Wisconsin this 27th day of November, 2024.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**